UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LARRY O'NEAL WALKER, II, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:24-CV-87-JRG-JEM |
| KEITH GREGORY and INV. ANGUS, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's "Motion for Full Discovery and All [R]elevant Materials/Evidence for [T]rial" [Doc. 24] and Defendants' "Motion to Dismiss for Failure to Prosecute and Notice of Plaintiff's Non-Compliance" [Doc. 26] in this pro se prisoner's civil rights action under 42 U.S.C. § 1983. Each Party has filed a response opposing the motion of the other [Docs. 25, 27]. For the reasons set forth below, the Court **DENIES** Plaintiff's motion for discovery [Doc. 24] and **GRANTS** Defendants' motion to dismiss [Doc. 26].

I. **MOTION FOR DISCOVERY**

In a motion signed June 25, 2025, Plaintiff asks the "Court and Defendants . . . for full discovery and all relevant materials/evidence for . . . the upcoming trial in December 2025" [Doc. 24]. But, as Defendants note in their response, the discovery deadline in this case passed on December 12, 2024 [Doc. 25 (referencing Doc. 16)]. Plaintiff's motion is untimely.

However, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has stated that the "excusable neglect" determination is an "equitable one, taking account of all relevant

circumstances surrounding the party's omission." *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. at 392. Factors to be considered in considering a motion under Rule 6(b) include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. The reason for the delay is the most important factor. *United States v. Munoz*, 605 F.3d 359, 372–73 (6th Cir. 2010).

Plaintiff's motion is not a proper discovery request that complies with the Federal Rules of Civil Procedure. And Plaintiff offers no explanation, beyond declaring his pro se status an "unlevel[] playing field[,]" to support his untimely request [Doc. 24]. But Plaintiff has not demonstrated that his pro se status limited him from timely conducting discovery or timely filing a motion to do so. And although it is unclear whether the proposed extension would prejudice Defendants, it does seem likely that it would delay the trial date set in this cause for December 16, 2025 [*See* Doc. 16]. Therefore, Plaintiff has not met his burden to show that his failure to timely complete discovery or timely seek an extension of time to do so was due to excusable neglect, as Rule 6(b)(1) requires. Accordingly, Plaintiff's discovery-related motion [Doc. 24] is **DENIED**.

II.     **MOTION TO DISMISS**

Defendants move to dismiss this action based on Plaintiff's failure to comply with this Court's Scheduling Order and file his Pretrial Narrative Statement ("PNS") by the June 16, 2025, deadline [Doc. 26, citing Doc. 16 ¶ 3]. The Scheduling Order entered by the Court cautioned that

2

"Plaintiff's failure to file a Pretrial Narrative Statement will result in the dismissal of Plaintiff's complaint for failure to prosecute and to comply with the orders of this Court" [*Id.* ¶ 6]. The deadline has passed, and Plaintiff has failed to file his PNS.

Federal Rule of Civil Procedure 41(b) gives this Court authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court"); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). The Court examines four factors when considering dismissal under Rule 41:

> (l) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Here, Plaintiff's failure to prosecute this case and comply with this Court's order requires the Court to dismiss this action. First, Plaintiff's failure to timely comply with the Court's Order and prosecute this action was due to Plaintiff's willfulness or fault. In response to Defendants' motion, Plaintiff filed a "Notice of Foul Play/Violation[,]" arguing that he has "never got no [sic] deadline of anything relevant to this case" and only knows the trial date because he had his family members look on the Public Access to Court Electronic Records ("PACER") [Doc. 27]. Defendants question the veracity of Plaintiff's Notice [Doc. 28]. Specifically, Defendants produced the Affidavit of the Blount County Detention Facility mail clerk, David McGowan, showing Plaintiff was delivered mail from the Clerk of Court on June 20, 2024 [Doc. 28-1 ¶ 3 &

p. 3]. And the only mail sent by this Court to Plaintiff in June 2024 was the Court's June 18, 2024, Scheduling Order [Doc. 16].

But the Court need not determine the truthfulness of Plaintiff's Notice, as even if the Court assumes that Plaintiff did not receive a copy of the Court's Scheduling Order, it does not otherwise excuse his failure to comply with the Court's Order to timely file his PNS. In his Notice, Plaintiff maintains he learned of the trial date because his family members looked on PACER [Doc. 27]. But the Scheduling Order is the only document that lists the trial date in this cause, and that document also set the PNS deadline [Doc. 16]. Moreover, the PNS deadline is apparent from the text visible on the docket sheet, even without opening the Order itself [*Id.*]. And Plaintiff has offered no explanation for why, once he learned of the entry of the Scheduling Order, he did not alert the Court that he had not received a copy of it and/or moved to extend any deadlines with which he could not comply. Even now, Plaintiff has not filed a PNS or moved to reopen the time within which to comply with the Court's Scheduling Order.

Second, Plaintiff's failure to comply with the Scheduling Order has prejudiced Defendants, who have expended significant time and resources defending this action. Additionally, Plaintiff's failure to provide the information required by the PNS has left Defendants without sufficient information to properly prepare for trial.

Third, the Court's Scheduling Order expressly warned Plaintiff that failure to file his PNS would result in the dismissal of this case [Doc. 16 ¶ 6]. And even assuming Plaintiff did not learn of this express warning through the Scheduling Order itself, this Court's Local Rules placed Plaintiff on notice that he must "monitor the progress of the case" and "prosecute or defend the action diligently." *See* E.D. Tenn. L.R. 83.13. Plaintiff failed to do so, and consideration of this factor also weights against Plaintiff.

4

Finally, alternative sanctions are not warranted. Plaintiff is proceeding as a pauper and cannot pay any monetary sanctions to offset his failure to comply with the Court's Scheduling Order [Doc. 16]. "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Here, Plaintiff's pro se status did not prevent him from complying with the Court's Scheduling Order and diligently prosecuting this case. Therefore, his status does not mitigate the balance of factors under Rule 41(b).

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss [Doc. 26] and **DISMISSES** this action.

Because it would lack any legal or factual basis, any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3). Therefore, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**SO ORDERED**.

**AN APPROPRIATE JUDGMENT ORDER SHALL ENTER.**

s/ J. RONNIE GREER
**UNITED STATES DISTRICT JUDGE**